434 P.2d 445

**In re STATE of Utah, in the Interest of Michael Patrick KELSEY, a person under 18 years of age.**

**Leonard Oldham and Patsy Oldham, his wife, Appellants.**

**No. 10840.**

Supreme Court of Utah.

Nov. 27, 1967.

Robert C. Cummings, Salt Lake City, for appellants.

Phil L. Hansen, Atty. Gen., Herbert B. Maw, Salt Lake City, for the State.

TUCKETT, Justice:

This is an appeal from a decree of the Juvenile Court for Utah County. On

January 7, 1963, Michael Patrick Kelsey was by a decree of the court declared to be a neglected and dependent child and was placed with the Utah County Department of Public Welfare for care in a foster home. Subsequently the Welfare Department placed Michael in the care of the petitioners, Leonard Oldham and Patsy Oldham, his wife. Michael has been with the Oldhams since that time. The Oldhams received the child while they were residents of Utah County, but have since moved to the State of California taking Michael with them. The Oldhams, desiring to raise Michael as their own son, on March 28, 1966, filed with the court a petition entitled "Petition for Leave to Adopt."

A hearing was had by the court on April 7, 1966, on the petition. The father of Michael, David Kelsey, appeared and opposed the granting of the petition. Evidence was presented to the court by the petitioners in support of the petition and by David Kelsey in opposition thereof. Thereafter on January 11, 1967, the court made an order continuing its jurisdiction over Michael and awarding custody and control of Michael to the father, David Kelsey. From that order the case is now before this court on appeal.

Prior to the court assuming jurisdiction over Michael as a neglected and dependent child, in January 1963, it appears that David Kelsey and Teralee Kelsey were divorced and the custody of Michael together with a brother and sister were awarded to the mother. A short time after entry of the decree Teralee Kelsey developed a mental illness which required her hospitalization in the Utah State Hospital. The father of the children, David Kelsey, was unable to care for the children, and the parents of David undertook their care for a short period. The grandparents were unable to assume responsibility for the children on a permanent basis, and the jurisdiction of the Juvenile Court was invoked for the purpose of establishing a more permanent program for the care of the children. Michael was placed with the Oldhams as foster parents after the court had assumed jurisdiction.

The petition before the court below and the one we are here concerned with on appeal wherein the Oldhams pray for an order permitting them to adopt Michael does not appear to have been laid under any provision of the statutes [1] that we can discover. However, the Juvenile Court appears to have treated the matter as a petition for termination of the parental rights of the father and mother of the child. If this be so, the provisions of Section 55–10–109, U.C.A. 1953, as amended, would apply. It would appear that under the provisions of that statute the court

---

1. Chapter 10, Title 55, U.C.A.1953, as amended.

 

was only authorized to determine whether or not the parental rights should be terminated. It appears that the order of the court went beyond the authority granted by the statute and beyond any issue raised by the pleadings. It does appear that David Kelsey, the father, filed a petition with the court praying that he be awarded custody of Michael. The father's petition was filed October 19, 1966, long after the hearing of the prior petition. The record does not indicate that a hearing was had upon that petition.

We are of the opinion that the court below having issued an order which exceeded his power under the statute above mentioned the decision of the court below must be reversed. In view of our action we deem it proper to make certain comments for the guidance of the court below in respect to the issues raised on this appeal. We have no quarrel with the decision of the court in its determination that upon the evidence before it the rights of the parents of Michael should not be terminated. However, in respect to the petition of the father for the custody of Michael it would appear that this matter would appropriately come within the provisions of Section 55–10–108, U.C.A. 1953. It is noted that the statute last mentioned requires that a change of circumstances be shown to justify a modification of a prior order of the court and should be based upon what is in the best interests of the child or the public.

This matter is remanded to the Juvenile Court for a further proceeding in conformity with our decision. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.